IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| COLLIN COUNTY, TEXAS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 4:05-CV-141 |
| | § | |
| SIEMENS BUSINESS SERVICES, INC. | § | |
| and SAP PUBLIC SERVICES, INC., | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM OPINION & ORDER**
**GRANTING PLAINTIFF'S MOTION TO REMAND**

Now before the court is Plaintiff Collin County's Motion to Remand, filed May 12, 2005.

Dkt. # 19.  For the reasons stated herein, Plaintiff's motion is GRANTED.  Additionally, because

remand renders Defendants' Motions to Dismiss moot, Dkt. ## 15 & 17, they are DENIED.

**BACKGROUND**

The facts in this case date back to 2003 when Collin County, Texas decided to replace its

existing computer system with an enterprise resource planning (ERP) system.  Pl.'s Original Pet. at

¶ 8.  ERP systems rely on some of the largest bodies of software available and are sold by well-

known software companies including Microsoft, Oracle, and SAP Public Services, Inc., a defendant

in this case.  Because of the size and complexity of most ERP software, companies seeking to

implement an ERP system must often also employ the services of a third-party consulting company

to help in the implementation process.  Siemens Business Services, Inc., the other defendant in this

case, is one such company.

In September 2003, Collin County solicited bids for the project from ERP software vendors

and consulting companies.  *Id*. at ¶ 9.  SAP and Siemens submitted proposals for the project in

October 2003.  *Id*. at ¶ 10.  In December 2003, representatives from SAP and Siemens met with

Collin County and made representations to it regarding the capabilities of SAP's ERP software, the

compatibility of SAP's ERP software with Collin County's express needs, and Siemens's ability to

implement the software by October 1, 2005.  *Id*. at ¶ 11.  Based on these representations, Collin

County entered into written agreements with SAP and Siemens on March 30, 2004 under which SAP

granted Collin County a license to use its ERP software and Siemens agreed to implement the ERP

system (the SAP and Siemens Agreements, respectively).  *Id*. at ¶ 12.

On March 22, 2005, after SAP and Siemens informed Collin County that they were unable

to implement the ERP system as promised, Collin County filed the present suit in the 219th Judicial

District Court of Collin County, Texas.  *Id*. at ¶ 16.  Collin County's original petition asserts three

causes of action.  *Id*. at ¶¶ 17-25.  The first two causes of action claim that SAP and Siemens

fraudulently or, in the alternative, negligently induced Collin County to enter into the SAP and

Siemens Agreements.  *Id*. at ¶¶ 17-22.  The third cause of action claims that SAP and Siemens

breached their respective agreements with Collin County by failing to implement the ERP system

as promised.  *Id*. at ¶¶ 23-25.  Collin County seeks additionally to recover all reasonable and

necessary attorneys' fees and costs that it incurs as a result of this litigation.  *Id*. at ¶¶ 27-28.

Siemens thereafter removed this suit to federal court on April 15, 2005.  Notice of Removal

at 1.  Siemens did so despite the fact that its agreement with Collin County contained a forum

selection clause stating that "venue for all actions in connection with this Agreement shall lie

exclusively in Collin County, Texas."  Pl.'s Mot. to Remand, Ex. A at 3.  It should be noted as well

that SAP consented to the removal despite the fact that its contract too contained an identical forum

selection clause.  *Id*., Ex. B at 3.

2

Of immediate concern to the court is Collin County's motion to remand this suit to Texas state court. Pl.'s Mot. to Remand at 3. According to Collin County's motion, SAP and Siemens waived their right to remove this case by consenting to the abovementioned forum selection clauses. *Id*. at 2-3. For the reasons stated below, the court agrees.

## DISCUSSION

It is a settled rule in this circuit and others that a defendant may waive its right to remove a case under 28 U.S.C. § 1441. *See, e.g., Dixon v. TSE Int'l Inc.*, 330 F.3d 396, 398 (5th Cir. 2003); *Waters v. Browning-Ferris Indus., Inc.*, 252 F.3d 796, 797 (5th Cir. 2001); *City of Rose City v. Nutmeg Ins. Co.*, 931 F.2d 13, 16 (5th Cir. 1991); *Excell, Inc. v. Sterling Boiler & Mech.*, 106 F.3d 318 (10th Cir. 1997); *Docksider, Ltd. v. Sea Tech.*, 875 F.2d 762 (9th Cir. 1989). A defendant may do so by, *inter alia*, consenting to a forum selection clause which designates exclusive venue in a county rather than a judicial district. *See, e.g.*, *Excell, Inc. v. Sterling Boiler & Mech.*, 106 F.3d 318 (10th Cir. 1997) (finding that the defendant waived its right to remove the case to federal court by consenting to a forum selection clause which designated venue in a county rather than a "judicial district"); *Docksider, Ltd. v. Sea Tech.*, 875 F.2d 762 (9th Cir. 1989) (same); *Paolino v. Argull Equities, LLC*, 2005 U.S. Dist. 21240, 2005 WL 2147931 (W.D. Tex. 2005) (same); *Greenville Elec. Util. Sys. v. N. Pac. Group, Inc.*, 2001 U.S. Dist. LEXIS 9322, 2001 WL 804521 (N.D. Tex. 2001) (same); *Double A Home Care, Inc. v. Epsilon Sys., Inc.*, 15 F. Supp. 2d 1114, 1116 (D. Kan. 1998) (same).

If a court finds that a defendant has waived its right to remove in this manner, the waiver is *prima facie* valid and should be enforced unless the defendant shows that it would otherwise be unreasonable to do so. *Carter v. Countrywide Credit Indus.*, 362 F.3d 294, 299 (5th Cir. 2004);

*Kevlin Servs., Inc. v. Lexington State Bank*, 46 F.3d 13, 15 (5th Cir. 1995) (citing *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 10 (1972)).  To carry this burden, the defendant must show that the clause was incorporated into the agreement through fraud or overreaching, subjects the defendant to grave inconvenience or unfairness, or contravenes a strong public policy of the forum state.  *See Haynsworth v. The Corporation*, 121 F.3d 956, 963 (5th Cir. 1997).

The United States District Court for the Northern District of Texas applied this analysis in a case with virtually identical facts to those before this court.  *See First National Of North America, LLC v. Peavy*, 2002 U.S. Dist. LEXIS 4835, 2002 WL 449582 (N.D. Tex. 2002).  In *Peavy*, the court held that a forum selection clause stating that "all claims shall be litigated only in Collin County, Texas," waived the defendant's right to litigate the case in federal court.  *Id*. at \*4.  The court predicated this holding on the fact that there was no federal district court in Collin County, Texas and the fact that venue in the federal system is stated in terms of districts, not counties.  *Id*.

Informed by these precedents, the court finds that SAP and Siemens waived their right to remove this case by consenting to a forum selection clause stating that "venue for all actions in connection with [these agreements] shall lie exclusively in Collin County, Texas."  Pl.'s Mot. to Remand, Ex. A at 3; Ex. B at 3.  As in *Peavy*, the defendants in this case contractually agreed to litigate disputes in connection with the SAP and Siemens Agreements in Collin County, Texas.  Because there currently is no federal district court located in Collin County, Texas and because the SAP and Siemens Agreements stated venue in terms of a county as opposed to a federal district, the court is persuaded by the rationale of the court in *Peavy* that such language constitutes a valid waiver of SAP and Siemens's right to remove the present case to federal court.

The court finds additionally that SAP and Siemens failed to carry the heavy burden of

showing that enforcement of their waiver would be unreasonable under the circumstances of this case.  While SAP alleges that litigating this case in Collin County would effectively deprive SAP of its day in court, "given that Collin County would be litigating this case on its 'home turf,'" SAP's Resp. at 12-13, SAP has adduced neither evidence nor legal authority to substantiate this allegation. Without more, the court is not convinced that Collin County's courts will be unable to provide SAP and Siemens with a fair and impartial forum in which to litigate the present dispute.

### ATTORNEY'S FEES

As a final matter, Collin County seeks its costs and attorney's fees incurred as a result of removal.  The Supreme Court recently clarified the appropriate standard for granting attorney's fees under § 1447(c) in *Martin v. Franklin Capital Corp.*, 126 S. Ct. 704, 711 (2005): "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal."  In this case, due to the absence of mandatory precedent dictating the disposition of Collin County's motion to remand, the court does not find that SAP and Siemens lacked an objectively reasonable basis for seeking removal.  Collin County's request for costs and attorney's fees is consequently denied.

### CONCLUSION

For the reasons stated above, the court finds that SAP and Siemens waived their right to remove this case from the 219th Judicial District Court of Collin County, Texas.  Collin County's Motion to Remand is accordingly GRANTED without costs and attorney's fees.  It is hereby ORDERED that this case be REMANDED to the 219th Judicial District Court of Collin County, Texas.

**SIGNED this the 23rd day of January, 2006.**

RICHARD A. SCHELL
UNITED STATES DISTRICT JUDGE