IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| COLLIN COUNTY, TEXAS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 4:05-CV-141 |
| | § | |
| SIEMENS BUSINESS SERVICES, INC. | § | |
| and SAP PUBLIC SERVICES, INC., | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM OPINION & ORDER
DENYING DEFENDANT'S MOTION TO STAY REMAND**

Now before the court is Defendant Siemens Business Services' Motion to Stay Remand, filed January 24, 2006.[1]  Dkt. # 42.  For the reasons stated below, this motion is DENIED.

**DISCUSSION**

Three weeks ago, this court issued an order remanding the present case to the state court from which it was removed.  Order Granting Pl.'s Mot. Remand (Jan. 23, 2006).  The court's decision was informed by the well-supported principle that a defendant waives its right to remove a case to federal court by consenting to a forum selection clause which designates exclusive venue in a county rather than a judicial district, as the defendants in this case did.  *Id*. at 3.  The day after this order issued, Defendant Siemens Business Services (Siemens) informed the court of its intent to appeal the order and requested that the court stay the remand of this case pending its appeal.  Def.'s Mot. to Stay Remand at 2.  Siemens predicated this request on the assertion that doing so would be "the

---

[1] Also before the court is Plaintiff's response, dkt. # 43, Defendant's reply, dkt. # 44, and Plaintiff's sur-reply, dkt. # 45.

appropriate relief to avoid a [] waste of time and expense." *Id*. at 3.

To prevail on a motion to stay proceedings pending an appeal in this Circuit, the party moving for the stay carries the burden of showing, among other things, the likelihood that it will succeed on the merits of its appeal.[2] *See, e.g.*, *Arnold v. Garlock, Inc.*, 278 F.3d 426, 439 (5th Cir. 2001); *In re First S. Sav. Ass'n*, 820 F.2d 700, 709 (5th Cir. 1987); *McDermott Int'l v. Underwriters at Lloyd's of London*, 1991 U.S. Dist. LEXIS 8776 *1, 1991 WL 121216 *1 (E.D. La. 1991). The legal significance of this burden is particularly acute in the context of a motion to stay an order of remand in light of Congress' policy that "once [a] federal district court considers the proper factors and decides to remand, the action should go forward in state court without the further delay of appeal, and without regard to whether the federal district court was correct or incorrect." *Robertson v. Ball*, 534 F.2d 63, 66 n.5 (5th Cir. 1976); *see also Thermtron Prods. v. Hermansdorfer*, 423 U.S. 336, 354-55 (1976) (Rehnquist, J., dissenting) (stating that Congress' purpose in barring review of remand orders is "to prevent the additional delay which a removing party may achieve by seeking appellate reconsideration of an order of remand").

While it is perhaps impossible to predict the outcome of any appeal with absolute accuracy, the court finds in this case that Siemens failed to carry its burden of demonstrating the likelihood that it will prevail on the merits of its contemplated appeal. This finding is informed by the considerable number of cases holding that a defendant waives its right to remove a case to federal court by consenting to a forum selection clause which designates exclusive venue in a county rather than a

---

[2] While the Fifth Circuit has recognized that a slightly less rigorous standard may be applicable in unusual cases, *see, e.g., Ruiz v. Estelle*, 666 F.2d 854, 857 (5th Cir. 1982) ("Likelihood of success remains a prerequisite in the usual case even if it is not an invariable requirement. Only 'if the balance of equities . . . is . . . heavily tilted in the movant's favor' will we issue a stay in its absence, and even then, the issue must be one with patent substantial merit."), the defendant in this case has failed to aver any reason that the present case would qualify as unusual.

judicial district.  *See* Order Granting Pl.'s Mot. Remand at 3 (citing *Excell, Inc. v. Sterling Boiler & Mech.*, 106 F.3d 318 (10th Cir. 1997); *Docksider, Ltd. V. Sea Tech.*, 875 F.2d 762 (9th Cir. 1989); *Paolino v. Argull Equities, LLC*, 2005 U.S. Dist. LEXIS 21240, 2005 WL 2147931 (W.D. Tex. 2005); *Greenville Elec. Util. Sys. V. N. Pac. Group*, 2001 U.S. Dist. LEXIS 9322, 2001 WL 804521 (N.D. Tex. 2001); *Double A Home Care v. Epsilon Sys.*, 15 F. Supp. 2d 1114 (D. Kan. 1998)). Because Siemens has not averred any discernable reason for the Fifth Circuit to diverge from these precedents in the present case, Siemens's motion to stay is accordingly DENIED.

**SIGNED this the 16th day of February, 2006.**

*[signature: Richard A. Schell]*

RICHARD A. SCHELL
UNITED STATES DISTRICT JUDGE