

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| COLLIN COUNTY, TEXAS, | § § § | |
| Plaintiff, | § § § | |
| v. | § § | Case No. 4:05-CV-141 |
| SIEMENS BUSINESS SERVICES, INC. and SAP PUBLIC SERVICES, INC., | § § § § | |
| Defendants. | § § | |

**MEMORANDUM OPINION & ORDER**
**DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION**

Before the court is Plaintiff Collin County's Motion for Reconsideration of Order Denying Motion to Enforce Remand Order, filed March 3, 2006. Dkt. # 53. For the reasons stated below, the court is of the opinion that Collin County's motion should be DENIED.

**BACKGROUND**

The question before the court concerns jurisdiction. On January 23, 2006, the court issued an order remanding this case to Texas state court. (Memorandum Opinion & Order Granting Plaintiff's Motion to Remand). Three weeks later, on February 16, 2006, the court issued a second order denying Defendant Siemens Business Services' motion to stay the mailing of the remand order pending its appeal of the order. (Memorandum Opinion & Order Denying Defendant's Motion to Stay Remand). As that order explains, the court was under the impression, based upon the parties' briefing, that Siemens was preparing to appeal the court's order of remand, but had not yet done so. Even in Siemens' February 10, 2006 reply brief in support of its motion to stay remand, Siemens does not directly inform the court that it had simultaneously filed a notice of appeal on the same day. The court was not aware that Siemens' notice of appeal had already been filed when the court issued

its February 16, 2006 Order Denying Siemens' Motion to Stay Remand. Consequently, in a third order, the court found an absence of jurisdiction over matters concerning the remand order and denied Plaintiff Collin County's request to mail the order to state court. (Order Denying Plaintiff's Motion to Enforce Remand Order, filed February 22, 2006). In its present motion, Collin County moves the court to reconsider its order finding an absence of jurisdiction and to issue an order directing the clerk of court to mail a certified copy of the remand order to state court.

## DISCUSSION

As a general rule, jurisdiction over a case passes from the district court to the court of appeals immediately and automatically upon the filing of a notice of appeal. *Marrese v. Am. Acad. of Orthopaedic Surgeons*, 470 U.S. 373, 379 (1985); *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982); WRIGHT, MILLER & COOPER, FEDERAL PRACTICE AND PROCEDURE: JURISDICTION 3d § 3949.1 at 39-40 (1999). The rationale for this rule is straightforward; it is generally understood that a district court and a court of appeals should not assert jurisdiction over a case simultaneously. *Griggs*, 459 U.S. at 58. As a result, until the court of appeals mandates a return of jurisdiction to the district court, the case is "in" the court of appeals and any action taken by the district court is null and void. *Kusay v. United States*, 62 F.3d 192, 194 (7th Cir. 1995); *Zaklama v. Mt. Sinai Med. Ctr.*, 906 F.2d 645, 649 (11th Cir. 1990); *United States v. Wells*, 766 F.2d 12, 19 (1st Cir. 1985); WRIGHT, MILLER & COOPER, FEDERAL PRACTICE AND PROCEDURE: JURISDICTION 3d § 3949.1 at 41 (1999).

In the Fifth Circuit, there are at least four exceptions to this general rule. First, a district court retains jurisdiction to entertain a motion to stay a judgment or order being appealed. *Farmhand, Inc. v. Anel Eng'g Indus.*, 693 F.2d 1140, 1145-46 (5th Cir. 1982) (citing FED. R. APP. P. 8(a)). Second,

a district court retains jurisdiction over matters that are collateral to the appeal, such as the merits of a case when the appeal concerns a preliminary injunction. *Id.* at 1145. Third, a district court retains jurisdiction over matters that aid in the appeals process, such as the making of clerical corrections in previous orders. *Id*. And finally, a district court retains jurisdiction to modify preliminary injunctions or enforce the same through civil contempt proceedings. *Id.* at 1145-46 (quoting *Brown v. Braddick*, 595 F.2d 961 (5th Cir. 1979)).

Given this legal framework, the court believes that it's third order, finding an absence of jurisdiction to issue an order directing the clerk of court to mail a copy of the remand order to state court, was correct. Siemens' filing of its notice of appeal of the remand order on February 10, 2006 represented an event of jurisdictional significance. *See Griggs*, 459 U.S. at 58. At that point, jurisdiction over matters concerning remand transferred "immediately and absolutely" to the Fifth Circuit Court of Appeals, Wright, Miller & Cooper, Federal Practice and Procedure: Jurisdiction 3d § 3949.1 at 39-40 (1999), and any affirmative action taken by the court with respect to remand would be null and void unless one of the exceptions articulated in *Farmhand, Inc.* dictate otherwise, *id*. Those exceptions, however, do not apply here, as the present motion concerns neither a stay, nor a matter collateral to the remand order, nor a matter to aid in the appeals process, nor a request to modify or enforce a preliminary injunction. It is for these reasons, then, that the court is without jurisdiction to issue the order requested by Collin County.

## CONCLUSION

In light of the court's finding that it lacks jurisdiction to issue the relief sought by Collin County, the court is of the opinion that its order of February 16, 2006 was legally correct. Collin County's motion for reconsideration is therefore DENIED.

3

**SIGNED this the 9th day of August, 2006.**

_____
RICHARD A. SCHELL
UNITED STATES DISTRICT JUDGE